# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY BRIDGEFORTH,<br><br>              Plaintiff,<br><br>     v.<br><br>CDC/MEDICAL,<br><br>              Defendant. | Case No. EDCV 12-1040-GHK (JEM)<br><br>MEMORANDUM AND ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

On June 14, 2012, Roy Bridgeforth ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint") in the Northern District of California. On June 19, 2012, the case was transferred, and the Complaint was filed in this Court on June 29, 2012.

**SCREENING STANDARDS**

In accordance with the provisions governing in forma pauperis proceedings, the Court must screen the Complaint before ordering service to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). This screening is governed by the following standards:

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has

alleged insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "'[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The complaint must contain factual allegations sufficient to rise above the "speculative level" (Twombly, 550 U.S. at 555), or the merely possible or conceivable. Id. at 557, 570.

Simply put, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A claim has facial plausibility when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This standard is not a probability requirement, but "it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint that pleads facts that are merely consistent with liability stops short of the line between possibility and plausibility. Id.

In a pro se civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). Before dismissing a pro se civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure. Id. Only if it is absolutely clear that the deficiencies cannot be cured by

amendment should the complaint be dismissed without leave to amend. Id. at 623; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

After careful review and consideration of the Complaint under the relevant standards and for the reasons discussed below, the Court finds the Complaint must be **DISMISSED WITH LEAVE TO AMEND.**

## PLAINTIFF'S ALLEGATIONS

Plaintiff alleges the following in the Complaint:

Plaintiff is a prisoner who, at all relevant times, was incarcerated at the California Rehabilitation Center in Norco, California ("CRC Norco").

The sole named Defendant is "CDC/Medical." (Complaint at 1.)

Plaintiff has cataracts in his left eye and is partially blind. He also has an untreated hernia. Plaintiff seeks an order requiring CDC/Medical to provide him with medical treatment. He does not seek damages. (Complaint at 3.)

## DISCUSSION

The Court, having reviewed the Complaint pursuant to the standards set forth above, has determined that Plaintiff's claims do not withstand screening. The allegations in the Complaint are too vague and conclusory to state a cognizable claim for relief. Although the Court must construe a pro se plaintiff's complaint liberally, Plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what Plaintiff's claims are and the grounds upon which they rest. Brazil v. United States Department of the Navy, 66 F.3d 193, 199 (9th Cir. 1995). Plaintiff must allege with some degree of particularity overt acts or omissions by individual defendants that support Plaintiff's claims.

To state a claim for violation of the Eighth Amendment based on inadequate medical care, Plaintiff must allege "acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 106 (1976). To prevail, Plaintiff must show both that his medical needs were objectively serious, and that particular defendants possessed a sufficiently culpable state of mind. Wilson v. Seiter, 501

1  U.S. 294, 297–99 (1991); McKinney v. Anderson, 959 F.2d 853, 854 (9th Cir. 1992). A
2  serious medical need is one that significantly affects an individual's daily activities, an injury
3  or condition a reasonable doctor or patient would find worthy of comment or treatment, or
4  the existence of chronic and substantial pain. See, e.g., McGuckin v. Smith, 974 F.2d 1050,
5  1059–60 (9th Cir. 1992), overruled on other grounds by WMX Techs. v. Miller, 104 F.2d
6  1133, 1136 (9th Cir. 1997) (en banc). It is important to differentiate common law negligence
7  claims of malpractice from claims predicated on violations of the Eight Amendment's
8  prohibition of cruel and unusual punishment. In asserting the latter, "[m]ere 'indifference,'
9  'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v.
10 Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle v. Gamble, 429 U.S.
11 97, 105–106 (1976); see also Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004).
12 Moreover, it is well established that mere differences of opinion concerning the appropriate
13 treatment cannot be the basis of an Eighth Amendment violation. Jackson v. McIntosh, 90
14 F.3d 330, 332 (9th Cir. 1996); Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981).
15 Plaintiff has not sufficiently alleged that any defendant acted with the requisite deliberate
16 indifference for an Eighth Amendment claim or that the acts or omissions of any defendant
17 caused him any injury.
18     Additionally, Plaintiff is hereby informed that "CDC Medical" (or the California
19 Department of Corrections and Rehabilitation ("CDCR") or any other State agency) is not a
20 proper defendant because it immune from suit under the Eleventh Amendment. See Will v.
21 Michigan Dep't of State Police, 491 U.S. 58, 66 (1989); Lucas v. Dep't of Corrections, 66
22 F.3d 245, 248 (9th Cir. 1995) (per curiam) (holding that prisoner's Eighth Amendment claims
23 against CDCR for damages and injunctive relief were barred by Eleventh Amendment
24 immunity); see also Hafer v. Melo, 502 U.S. 21, 30 (1991) (clarifying that Eleventh
25 Amendment does not bar suits against state officials sued in their individual capacities, nor
26 does it bar suits for prospective injunctive relief against state officials sued in their official
27 capacities). However, Plaintiff may be able to state a cognizable Eighth Amendment claim
28 against prison medical staff sued in their individual and/or official capacities.

1    Should Plaintiff choose to file an amended complaint, the amended complaint shall
2 clearly set forth the claims and allegations against each individual state actor. It must also
3 allege a cognizable legal theory against a proper defendant and sufficient facts in support of
4 that cognizable legal theory. Lopez v. Smith, 203 F.3d 1122, 1126–27 (9th Cir. 2000) (en
5 banc) (district courts must afford pro se litigants an opportunity to amend to correct any
6 deficiency in their complaints). Plaintiff shall not include "CDC Medical" or any other State
7 agency as a defendant in any amended complaint. Rather, Plaintiff should name the
8 individuals directly involved with his medical treatment, or lack thereof.
9                                    * * * * * * * * *
10   For the reasons set forth herein, the Complaint is **DISMISSED WITH LEAVE TO**
11 **AMEND**.
12   If Plaintiff desires to pursue this action, he is **ORDERED** to file a First Amended
13 Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies
14 discussed above. Plaintiff must name separately each individual defendant against whom
15 he brings his claims, identify clearly the factual basis for each of his claims, and articulate
16 the connection between each named defendant and each claim.
17   If Plaintiff chooses to file a First Amended Complaint, it should: (1) bear the docket
18 number assigned in this case; (2) be labeled "First Amended Complaint"; (3); be filled out
19 exactly in accordance with the directions on the form; and (4) be complete in and of itself
20 without reference to the previous Complaint or any other pleading, attachment or document.
21 The Clerk is directed to provide Plaintiff with a blank Central District of California civil rights
22 complaint form, which Plaintiff must fill out completely and resubmit.

1 **Plaintiff is admonished that, if he fails to file a First Amended Complaint by the**
2 **deadline set herein, the Court will recommend that this action be dismissed for**
3 **failure to prosecute and for failure to comply with a Court order.**

5 DATED: September 27, 2012         /s/ John E. McDermott
                                    JOHN E. MCDERMOTT
6                                   UNITED STATES MAGISTRATE JUDGE