# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROY BRIDGEFORTH,<br><br>   Plaintiff,<br><br>   v.<br><br>CALIFORNIA REHABILITATION &<br>MEDICAL DOCTORS,<br><br>   Defendants. | Case No. EDCV 12-1040-GHK (JEM)<br><br>MEMORANDUM AND ORDER<br>DISMISSING FIRST AMENDED<br>COMPLAINT WITH LEAVE TO AMEND |

On June 14, 2012, Roy Bridgeforth ("Plaintiff"), a state prisoner proceeding pro se and in forma pauperis, filed a civil rights complaint pursuant to 42 U.S.C. § 1983 ("Complaint") in the Northern District of California. On June 19, 2012, the case was transferred, and the Complaint was filed in this Court on June 29, 2012.

On September 27, 2012, the Court issued a Memorandum and Order Dismissing Complaint With Leave to Amend. Plaintiff was ordered to file a First Amended Complaint within thirty (30) days if he wished to pursue this action.

On October 12, 2012, Plaintiff filed a First Amended Complaint ("FAC").

**SCREENING STANDARDS**

In accordance with the provisions governing in forma pauperis proceedings, the Court must screen the Complaint before ordering service to determine whether the action:

(1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2). This screening is governed by the following standards:

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988). However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "'[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)). The complaint must contain factual allegations sufficient to rise above the "speculative level" (Twombly, 550 U.S. at 555), or the merely possible or conceivable. Id. at 557, 570.

Simply put, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A claim has facial plausibility when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This standard is not a probability requirement, but "it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A complaint that pleads facts that are merely consistent with liability stops short of the line between possibility and plausibility. Id.

In a pro se civil rights case, the complaint must be construed liberally to afford plaintiff the benefit of any doubt. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623 (9th Cir. 1988). Before dismissing a pro se civil rights complaint for failure to state a claim, the plaintiff should be given a statement of the complaint's deficiencies and an opportunity to cure. Id. Only if it is absolutely clear that the deficiencies cannot be cured by amendment should the complaint be dismissed without leave to amend. Id. at 623; see also Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

After careful review and consideration of the FAC under the relevant standards and for the reasons discussed below, the Court finds the FAC must be **DISMISSED WITH LEAVE TO AMEND.**

**PLAINTIFF'S ALLEGATIONS**

Plaintiff is a prisoner who, at all relevant times, was incarcerated at the California Rehabilitation Center in Norco, California ("CRC Norco").

Plaintiff alleges that doctors at CRC Norco have been deliberately indifferent to his serious medical needs because they have refused to have Plaintiff undergo surgery for a hernia and cataracts. Plaintiff seeks an order requiring CDC/Medical to provide him with such treatment. It is unclear whether Plaintiff seeks damages. (FAC at 4-6.)

**DISCUSSION**

The Court, having reviewed the Complaint pursuant to the standards set forth above, has determined that Plaintiff's claims do not withstand screening for the following reasons:

**I.    Plaintiff Must Name All Defendants In the Caption of the FAC**

Plaintiff names "California Rehabilitation & Medical Doctors" as the sole defendants in the caption of the FAC. (FAC at 1.) In the body of the FAC, however, Plaintiff makes allegations against the following defendants not named in the caption: Dr. Farnias, Dr. Scott, and Dr. Patel. (See FAC at 3.)

The individuals named as "defendants" only in the body of the FAC have not been presented properly as parties, and the Court does not recognize them as defendants in this action. If Plaintiff files an amended complaint, he must include in the caption the names of

each defendant against whom he is asserting a claim. See Fed. R. Civ. P. 10(a); Local Rule 11-3.8(d); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1262-63 (9th Cir. 1992) (dismissing action for refusal to comply with court orders to name defendants in the caption). The Court will not order the United States Marshal to serve the amended complaint on any named defendant not identified in the caption.

Plaintiff should not name "California Rehabilitation & Medical Doctors" as defendants in the caption of the amended complaint, but should name the three individuals identified in the FAC. If there are other defendants, but Plaintiff does not know their names, he can include them as "Doe" defendants in the caption and body of the amended complaint.

## II. Plaintiff Must Allege His Claims With Sufficient Specificity

Rule 8(a) of the Federal Rules of Civil Procedure requires sufficient allegations to put the defendants fairly on notice of the claims against them. It states:

> A pleading which sets forth a claim for relief . . . shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

Id. "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." Swierkiewicz v. Sorema, 534 U.S. 506, 513 (2002). "Each averment of a pleading shall be simple, concise, and direct." Fed. R. Civ. P. 8(e).

Although the Court must construe a pro se plaintiff's complaint liberally, Plaintiff nonetheless must allege a minimum factual and legal basis for each claim that is sufficient to give each defendant fair notice of what plaintiff's claims are and the grounds upon which they rest. Brazil v. United States Department of the Navy, 66 F.3d 193, 199 (9th Cir. 1995). Moreover, failure to comply with Rule 8 constitutes an independent basis for dismissal of a complaint that applies even if the claims in a complaint are not found to be wholly without merit. See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996); see also Nevijel v. North Coast Life Ins. Co., 651 F.2d 671, 673-74 (9th Cir. 1981).

Here, the FAC does not contain a short and plain statement of Plaintiff's claims sufficient to provide each defendant with notice of their allegedly wrongful acts. See, e.g., Brazil, 66 F.3d at 199. Plaintiff has not clearly identified the particular affirmative acts or omissions perpetrated by each individual defendant that caused the deprivation of constitutional rights of which plaintiff complains. Plaintiff's allegations are vague, conclusory, and lack sufficient particularity to put each individual on notice of the claims against him.

Plaintiff must allege how each individual defendant personally participated in the deprivation of constitutional rights. To state a claim against a particular defendant for violation of his civil rights, Plaintiff must allege facts demonstrating that each defendant, acting under color of state law, deprived Plaintiff of a right guaranteed under the Constitution or a federal statute. Karim-Panahi, 839 F.2d at 624. "A person deprives another 'of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which [the plaintiff complains].'" Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (quoting Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978)).

### III. Legal Standards for Deliberate Indifference Claim

A government actor is "deliberately indifferent" only if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Farmer v. Brennan, 511 U.S. 825, 837 (1970). Deliberate indifference may be manifested by the intentional denial, delay, or interference with the plaintiff's medical care, or by the manner in which the medical care was provided. See Estelle v. Gamble, 429 U.S. 97, 104-05 (1976); Wakefield v. Thompson, 177 F.3d 1160, 1165 (9th Cir. 1999); McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by* WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997). However, the defendant must purposefully ignore or fail to respond to the plaintiff's pain or medical needs. See McGuckin,

1  974 F.2d at 1060.  Thus, neither an inadvertent failure to provide adequate medical care,
2  nor mere negligence or medical malpractice, nor a mere delay in medical care (without
3  more), nor a difference of opinion over proper medical treatment, is sufficient to violate the
4  Eighth Amendment.  See Estelle, 429 U.S. at 105-06; Wakefield, 177 F.3d at 1165; see also
5  Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison
6  Commissioners, 766 F.2d 404, 407 (9th Cir. 1985).

7        The facts alleged in the FAC appear to demonstrate that Plaintiff has been receiving
8  medical care, but that he is dissatisfied with the course of action taken by medical officers at
9  CRC Norco.  This is insufficient to sustain a deliberate indifference claim.  If Plaintiff
10 chooses to file an amended complaint, he must allege additional facts that show defendants
11 purposefully ignored or failed to respond to Plaintiff's medical needs, not merely that he
12 disagrees with defendants' diagnoses and treatment plan.

13       * * * * * * * * *

14       For the reasons set forth herein, the FAC is **DISMISSED WITH LEAVE TO AMEND**.

15       If Plaintiff desires to pursue this action, he is **ORDERED** to file a Second Amended
16 Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies
17 discussed above.  Plaintiff must name separately each individual defendant against whom
18 he brings his claims, identify clearly the factual basis for each of his claims, and articulate
19 the connection between each named defendant and each claim.

20       If Plaintiff chooses to file a Second Amended Complaint, it should: (1) bear the
21 docket number assigned in this case; (2) be labeled "Second Amended Complaint"; (3); be
22 filled out exactly in accordance with the directions on the form; and (4) be complete in and of
23 itself without reference to the previous Complaint or any other pleading, attachment or
24 document.  The Clerk is directed to provide Plaintiff with a blank Central District of California
25 civil rights complaint form, which Plaintiff must fill out completely and resubmit.

1 **Plaintiff is admonished that, if he fails to file a Second Amended Complaint by**
2 **the deadline set herein, the Court will recommend that this action be dismissed for**
3 **failure to prosecute and for failure to comply with a Court order.**

5 DATED: <u>October 17, 2012</u>            <u>      /s/ John E. McDermott      </u>
                                          JOHN E. MCDERMOTT
6                                         UNITED STATES MAGISTRATE JUDGE