UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

ROY BRIDGEFORTH,                                   )          Case No. EDCV 12-1040-GHK (JEM)
                                                   )
                               Plaintiff,          )
                                                   )          MEMORANDUM AND ORDER
            v.                                     )          DISMISSING SECOND AMENDED
                                                   )          COMPLAINT WITH LEAVE TO AMEND
CALIFORNIA REHABILITATION &                        )
MEDICAL DOCTORS,                                   )
                                                   )
                               Defendants.         )
_____                )

On June 14, 2012, Roy Bridgeforth ("Plaintiff"), a state prisoner proceeding pro se

and in forma pauperis, filed a civil rights complaint pursuant to 42 U.S.C. § 1983

("Complaint") in the Northern District of California.  On June 19, 2012, the case was

transferred, and the Complaint was filed in this Court on June 29, 2012.

        On September 27, 2012, the Court issued a Memorandum and Order Dismissing

Complaint With Leave to Amend.  On October 12, 2012, Plaintiff filed a First Amended

Complaint.

        On October 17, 2012, the Court issued a Memorandum and Order Dismissing First

Amended Complaint With Leave to Amend.  On November 19, 2012, Plaintiff filed a Second

Amended Complaint ("SAC").

**SCREENING STANDARDS**

In accordance with the provisions governing in forma pauperis proceedings, the Court must screen the SAC before ordering service to determine whether the action: (1) is frivolous or malicious; (2) fails to state a claim on which relief may be granted; or (3) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. § 1915(e)(2).  This screening is governed by the following standards:

A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) the plaintiff fails to state a cognizable legal theory; or (2) the plaintiff has alleged insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).  In determining whether a complaint states a claim on which relief may be granted, allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. Love v. United States, 915 F.2d 1242, 1245 (9th Cir. 1988).  However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitzke v. Williams, 490 U.S. 319, 330 n.9 (1989). "'[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled.'" Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

Although a complaint "does not need detailed factual allegations" to survive dismissal, a plaintiff must provide "more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (rejecting the traditional "no set of facts" standard set forth in Conley v. Gibson, 355 U.S. 41 (1957)).  The complaint must contain factual allegations sufficient to rise above the "speculative level" (Twombly, 550 U.S. at 555), or the merely possible or conceivable. Id. at 557, 570.

Simply put, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570.  A claim has facial plausibility when the complaint presents enough facts "to draw the reasonable inference that the defendant is liable." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  This standard is not a probability requirement, but "it asks

1  for more than a sheer possibility that a defendant has acted unlawfully." Id.   A complaint

2  that pleads facts that are merely consistent with liability stops short of the line between

3  possibility and plausibility.  Id.

4       In a pro se civil rights case, the complaint must be construed liberally to afford

5  plaintiff the benefit of any doubt.  Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621,

6  623 (9th Cir. 1988).  Before dismissing a pro se civil rights complaint for failure to state a

7  claim, the plaintiff should be given a statement of the complaint's deficiencies and an

8  opportunity to cure.  Id.  Only if it is absolutely clear that the deficiencies cannot be cured by

9  amendment should the complaint be dismissed without leave to amend.  Id. at 623; see also

10  Cato v. United States, 70 F.3d 1103, 1106 (9th Cir. 1995).

11       After careful review and consideration of the SAC under the relevant standards and

12  for the reasons discussed below, the Court finds the SAC must be **DISMISSED WITH**

13  **LEAVE TO AMEND.**

14                              **PLAINTIFF'S ALLEGATIONS**

15       Plaintiff is currently incarcerated at the California Rehabilitation Center in Norco,

16  California ("CRC-Norco"), which is within this judicial district.  Plaintiff names in the caption

17  "California Rehabilitation & Medical Doctors" as the defendants.  However, in the body of

18  the SAC, Plaintiff names as the sole defendant Dr. M. Levin, a staff physician at Centinela

19  State Prison ("Centinela").  (SAC at 3.)

20       Plaintiff alleges that prison doctors have been deliberately indifferent to his serious

21  medical needs because they have refused to have Plaintiff undergo surgery for a hernia and

22  cataracts.  (See SAC at 5.)  Plaintiff seeks an order requiring prison officials to provide him

23  with such treatment.  Plaintiff also seeks compensatory and punitive damages.  (SAC at 5-

24  6.)  Documents attached to the SAC refer to medical treatment Plaintiff received while he

25  was housed at several different institutions, including: Correctional Training Facility -

26  Soledad ("CTF-Soledad"), California State Prison - Los Angeles ("CSP-LAC"), Centinela,

27  and CRC-Norco.  It appears that Plaintiff was transferred to CRC-Norco on September 18,

28  2011.

**DISCUSSION**

The Court, having reviewed the Complaint pursuant to the standards set forth above, has determined that Plaintiff's claims do not withstand screening for the following reasons:

**I.     Claims Against Prison Officials at Centinela State Prison Must Be Brought In the Southern District of California**

Plaintiff names Dr. Levin, staff physician at Centinela as the sole defendant in the body of the SAC.  (SAC at 3.)  Centinela is located in Imperial County, which is within the Southern District of California.  28 U.S.C.A. § 84(d).  It also appears that Dr. Levin resides within the Southern District.  Accordingly, the Southern is the proper venue for all claims against Dr. Levin for acts that occurred at Centinela.  See 28 U.S.C. § 1391(b).

**II.    Plaintiff Must Name All Defendants In the Caption**

Plaintiff names "California Rehabilitation & Medical Doctors" as the sole defendants in the caption of the SAC.  (SAC at 1.)  In the body of the SAC, however, Plaintiff identifies Dr. Levin as the sole defendant.  (SAC at 3.)  As explained previously, Plaintiff's claims against Dr. Levin are not properly brought in this judicial district.

All defendants to this action must be named in the caption of the complaint.  See Fed. R. Civ. P. 10(a); Local Rule 11-3.8(d); see also Ferdik v. Bonzelet, 963 F.2d 1258, 1262-63 (9th Cir. 1992) (dismissing action for refusal to comply with court orders to name defendants in the caption).  The Court will not order the United States Marshal to serve the amended complaint on any named defendant not identified in the caption.  If defendant chooses to file another amended complaint, he must identify in the caption all defendants against whom he bring claims.

In addition, Plaintiff should not name "California Rehabilitation & Medical Doctors" as defendants in the caption of the amended complaint, but should name the individuals at CRC-Norco or CSP-LAC (within this judicial district) who he claims denied him proper medical care.

Plaintiff has been advised of these requirements previously, yet he has failed to comply.  The Court will afford Plaintiff one final opportunity to name a proper defendant in

4

1   the caption of the complaint.  If Plaintiff fails to do so, the Court will recommend that this

2   case be dismissed.

3   **III.   Plaintiff Must Allege His Claims With Sufficient Specificity**

4        Rule 8(a) of the Federal Rules of Civil Procedure requires sufficient allegations to put

5   the defendants fairly on notice of the claims against them.  It states:

6        A pleading which sets forth a claim for relief . . . shall contain (1) a short and

7        plain statement of the grounds upon which the court's jurisdiction depends, unless

8        the court already has jurisdiction and the claim needs no new grounds of jurisdiction

9        to support it, (2) a short and plain statement of the claim showing that the pleader is

10       entitled to relief, and (3) a demand for judgment for the relief the pleader seeks.

11   Id.  "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited

12   exceptions." Swierkiewicz v. Sorema, 534 U.S. 506, 513 (2002).  "Each averment of a

13   pleading shall be simple, concise, and direct."  Fed. R. Civ. P. 8(e).

14       Although the Court must construe a pro se plaintiff's complaint liberally, Plaintiff

15   nonetheless must allege a minimum factual and legal basis for each claim that is sufficient

16   to give each defendant fair notice of what plaintiff's claims are and the grounds upon which

17   they rest.  Brazil v. United States Department of the Navy, 66 F.3d 193, 199 (9th Cir. 1995).

18   Moreover, failure to comply with Rule 8 constitutes an independent basis for dismissal of a

19   complaint that applies even if the claims in a complaint are not found to be wholly without

20   merit.  See McHenry v. Renne, 84 F.3d 1172, 1179 (9th Cir. 1996); see also Nevijel v. North

21   Coast Life Ins. Co., 651 F.2d 671, 673-74 (9th Cir. 1981).

22       Here, the SAC does not sufficiently notify each defendant of his allegedly wrongful

23   acts.  See, e.g., Brazil, 66 F.3d at 199.  Plaintiff has not clearly identified the particular

24   affirmative acts or omissions perpetrated a particular defendant that caused the deprivation

25   of constitutional rights of which plaintiff complains.  Plaintiff's allegations are vague,

26   conclusory, and lack sufficient particularity to put any individual on notice of the claims

27   against him.

28

1   Plaintiff must allege how each individual defendant (to be named) personally
2   participated in the deprivation of constitutional rights.  To state a claim against a particular
3   defendant for violation of his civil rights, Plaintiff must allege facts demonstrating that each
4   defendant, acting under color of state law, deprived Plaintiff of a right guaranteed under the
5   Constitution or a federal statute.  Karim-Panahi, 839 F.2d at 624.  "A person deprives
6   another 'of a constitutional right, within the meaning of section 1983, if he does an
7   affirmative act, participates in another's affirmative acts, or omits to perform an act which he
8   is legally required to do that causes the deprivation of which [the plaintiff complains].'"  Leer
9   v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (quoting Johnson v. Duffy, 588 F.2d 740, 743
10   (9th Cir. 1978)).

11   **IV.   Legal Standards for Deliberate Indifference Claim**

12   A government actor is "deliberately indifferent" only if he "knows of and disregards an
13   excessive risk to inmate health or safety; the official must both be aware of facts from which
14   the inference could be drawn that a substantial risk of serious harm exists, and he must also
15   draw the inference."  Farmer v. Brennan, 511 U.S. 825, 837 (1970).  Deliberate indifference
16   may be manifested by the intentional denial, delay, or interference with the plaintiff's medical
17   care, or by the manner in which the medical care was provided.  See Estelle v. Gamble, 429
18   U.S. 97, 104-05 (1976); Wakefield v. Thompson, 177 F.3d 1160, 1165 (9th Cir. 1999);
19   McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds by*
20   WMX Technologies v. Miller, 104 F.3d 1133 (9th Cir. 1997).  However, the defendant must
21   purposefully ignore or fail to respond to the plaintiff's pain or medical needs.  See McGuckin,
22   974 F.2d at 1060.  Thus, neither an inadvertent failure to provide adequate medical care,
23   nor mere negligence or medical malpractice, nor a mere delay in medical care (without
24   more), nor a difference of opinion over proper medical treatment is sufficient to violate the
25   Eighth Amendment.  See Estelle, 429 U.S. at 105-06; Wakefield, 177 F.3d at 1165; see also
26   Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989); Shapley v. Nevada Bd. of State Prison
27   Commissioners, 766 F.2d 404, 407 (9th Cir. 1985).

28

The facts alleged in the SAC, and the attached documents, appear to demonstrate that Plaintiff has been receiving regular medical care, but that he is dissatisfied with the course of action chosen by medical personnel. This is insufficient to sustain a deliberate indifference claim. If Plaintiff chooses to file an amended complaint, he must allege additional facts that show defendants purposefully ignored or failed to respond to Plaintiff's medical needs, not merely that he disagrees with defendants' diagnoses and treatment plan.

* * * * * * * * *

For the reasons set forth herein, the SAC is **DISMISSED WITH LEAVE TO AMEND**.

If Plaintiff desires to pursue this action, he is **ORDERED** to file a Third Amended Complaint within **thirty (30) days** of the date of this Order, which remedies the deficiencies discussed above. Plaintiff must name separately each individual defendant against whom he brings his claims, identify clearly the factual basis for each of his claims, and articulate the connection between each named defendant and each claim.

If Plaintiff chooses to file a Third Amended Complaint, it should: (1) bear the docket number assigned in this case; (2) be labeled "Third Amended Complaint"; (3); be filled out exactly in accordance with the directions on the form; (4) be complete in and of itself without reference to the previous Complaint or any other pleading, attachment or document; (5) name all defendants in the caption of the complaint; (6) only bring claims regarding actions or omissions that occurred while he has been housed in this judicial district (either at CRC-Norco or CSP-LAC); and (7) only name defendants whose allegedly wrongful acts or omissions took place in this judicial district (either at CRC-Norco or CSP-LAC).

If Plaintiff chooses to bring damages claims arising out of acts or omissions that took place at Centinela, he must bring those claims in the United States District Court for the Southern District of California. If Plaintiff chooses to bring damages claims arising out of acts or omissions that took place at CTF-Soledad, he must bring those claims in the United States District Court for the Northern District of California. Because Plaintiff is currently

housed at CRC-Norco, all claims for injunctive relief must be brought in this district, as well as any claims for damages arising out of acts or omissions that took place at CRC-Norco.

The Clerk is directed to provide Plaintiff with a blank Central District of California civil rights complaint form, which Plaintiff must fill out completely and resubmit.

**Plaintiff is admonished that, if he fails to file a Third Amended Complaint by the deadline set herein, the Court will recommend that this action be dismissed for failure to prosecute and for failure to comply with a Court order.**

Plaintiff is further admonished that he must comply with the directives set forth in this Order.  Plaintiff already has been granted two opportunities to correct the deficiencies in his pleadings, yet he has failed to comply with the Court's Orders.  Plaintiff will be afforded one more opportunity to plead a cognizable claim against a proper defendant in the proper district.  If he fails to do so, the Court will recommend that this case be dismissed.

DATED: <u>February 13, 2013</u>              <u>           /s/ John E. McDermott           </u>
                                                                    JOHN E. MCDERMOTT
                                                        UNITED STATES MAGISTRATE JUDGE